# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Doris J. Ruff,
          Petitioner


      vs.                              Case No. 1:06cv124
                                       (Spiegel, S.J.; Hogan, M.J.)


Tracy Tyson-Parker,
          Respondent

---

## REPORT AND RECOMMENDATION

---

      Petitioner, who was incarcerated at the Franklin Pre-Release Center in Columbus, Ohio, when the instant action commenced, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1).  This matter is before the Court on respondent's motion to dismiss filed on June 28, 2006 (Doc. 6), which has not been opposed by petitioner.

### Procedural Background

      On December 27, 2001, the Hamilton County, Ohio, grand jury issued a thirteen-count indictment against petitioner and three co-defendants.  In the indictment, petitioner was charged with one count of possession of cocaine in

---

[1] Petitioner filed a Notice of Change of Address on April 20, 2006, which reflects that she is no longer incarcerated and is residing in Cincinnati, Ohio.  (*See* Doc. 5).

violation of Ohio Rev. Code § 2925.11(A) (Count 9), and two counts of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A) (Counts 10-11). (Doc. 6, Ex. A).[2]

On February 19, 2002, petitioner entered a guilty plea to the possession charge and one of the trafficking charges in exchange for dismissal of the remaining trafficking count. (*Id.,* Exs. B-C). On May 23, 2002, the trial court sentenced petitioner to concurrent four (4) year terms of imprisonment for the two drug-related offenses, followed by post-release control supervision under Ohio Rev. Code § 2967.28. (*Id.,* Ex. C).

Petitioner did not appeal her conviction or sentence. Instead, on September 29, 2004, over two years after she was sentenced, petitioner filed a *pro se* "motion to vacate post-release control sentence" with the Hamilton County Common Pleas Court pursuant to Ohio Rev. Code §§ 2953.21 and 2953.23. (*Id.,* Ex. D). In this post-conviction petition, petitioner claimed that (1) the order subjecting her to post-release control violated the Sixth and Fourteenth Amendments based on the United States Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004); and (2) in violation of the Sixth and Fourteenth Amendments, as well as Ohio law, the indictment did not set forth the necessary element of "threaten[ing] to cause, or . . . caus[ing] physical harm to a person during the commission of the drug offen[]ses," which is required for placement in post-release control, nor did the trial court notify petitioner that she could be subjected to post-release control supervision or of the consequences of violating any conditions of post-release control "after release from the stated prison term." (*Id.*).

On February 16, 2005, the Hamilton County Common Pleas Court overruled petitioner's post-conviction petition based on the following conclusions of law:

(1) Neither the crimes for which Petitioner was sentenced nor the sentencing statutes under which she was sentenced contain an element of "causing or threatening to cause physical harm."

(2) Petitioner was not subjected to an increased sentence due to the

---

[2]In the remaining counts of the indictment, petitioner's co-defendants were charged with various drug and weapons offenses. (*See id.*).

above-stated claim and the case of *Blakely* . . . does not apply.

(3) R.C. 2967.28(B) requires that each sentence to a prison term for a felony of the second degree shall include a requirement that the offender be subject to a period of post-release control.  The case of *Blakely* . . . has no effect on this requirement.

(4) The case of *Blakely* . . . does not require that the indictment against an offender contain notification of the possibility of post-release control.

(*Id.,* Ex. F).

Petitioner timely appealed this decision to the Ohio Court of Appeals, First Appellate District.  (*Id.,* Ex. G).  On November 23, 2005, the state appellate court affirmed the trial court's judgment, reasoning in pertinent part as follows:

. . . .A petitioner, like Ruff, who has taken no direct appeal from his conviction must file his petition "no later than one hundred eighty days after the expiration of the time for filing the appeal[.]" R[.]C[.] 2953.21(A)(2).

A common pleas court's jurisdiction to entertain a tardy postconviction petition is closely circumscribed.  The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the prescribed time.  And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty."  R.C[.] 2953[.]23[.]

Ruff filed her petition well after the time afforded under R[.]C[.] 2953.21(A)(2) had expired[.]  And R[.]C[.] 2953[.]23 precluded the common pleas court from entertaining her tardy postconviction challenges to her sentence, because Ruff did not, as she could not, demonstrate that "but for [the alleged Sixth Amendment violations], no reasonable factfinder would have found [her] guilty of the offense[s] of which [she] was convicted[.]" R[.]C[.] 2953[.]23(A)(1)(b). . . .

The common pleas court had no jurisdiction to entertain Ruff's tardy postconviction petition, because she failed to satisfy the time strictures of R[.]C[.] 2953.21 and the jurisdictional requirements of R[.]C[.] 2953[.]23[.]  We, therefore, hold that the court properly declined to entertain Ruff's postconviction petition. . . .

(*Id.,* Ex. I).[3]

Petitioner did not attempt to appeal the Court of Appeals' decision to the Ohio Supreme Court.  (*See id.,* Ex. L).

Instead, petitioner next submitted the instant federal habeas corpus petition, which was signed by her on December 20, 2005, for filing with this Court.  (Doc. 1). The petition, initially "received" respectively on January 3 and February 15, 2006, was stamped as "filed" on March 6, 2006.  (*See id.*).  In the petition, petitioner asserts the following grounds for relief:

**Ground One:**  Petitioner was denied her First Amendment right to court access where the Clerk of Court, 1st Judicial District[,] did not provide her with a stamped filed copy of the judgment.

**Supporting Facts:**  This ground seeks waiver of further exhaustion of state court remedies since the above clerk did not provide a stamped filed copy of the judgment requisite to seek a discretionary appeal in the Ohio Supreme Court under that Court[']s R.II§(2)(B).

**Ground Two:**  Petitioner contends she is "factually innocent" of the post-release control part of her sentence.

**Ground Three:**  R.C. § 2967.28 and R.C. 2929.19(B)(3)(e) are unconstitutional in violation of the Sixth and Fourteenth Amendments [in light of the United States Supreme Court's decisions in *Blakely* and *Apprendi v. New Jersey,* 530 U.S. 466 (2000).]

---

[3]It appears that during the pendency of this appeal to the Ohio Court of Appeals, First Appellate District, petitioner attempted a second appeal to that court, which was *sua sponte* dismissed because it was not timely filed under Ohio R. App. P. 4(A).  (*See* Doc. 6, Exs. J-K).

(*Id.*, pp. 5-6).

In response to the petition, respondent has filed a motion to dismiss on the ground that petitioner has waived her claims for relief due to her procedural defaults in the state courts. (Doc. 6, Brief, pp. 4-7).

## OPINION

The resolution of the issue presented in respondent's motion to dismiss requires an understanding of the principles of exhaustion and waiver in habeas corpus cases, which although overlapping to some degree, are separate and distinct concepts leading to either dismissal of the case without prejudice (or an administrative stay of the case) when exhaustion principles are applied or the denial of unexhausted claims with prejudice when waiver principles are invoked.

The waiver and exhaustion principles are premised on the same underlying rationale. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

Although premised on the same concerns, the waiver and exhaustion doctrines are distinguishable in that they are applied in distinctly different situations. If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition may be dismissed without prejudice, or administratively stayed, pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan*

5

*v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

On the other hand, if petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent has pointed out in the motion to dismiss, petitioner failed to provide the Ohio Supreme Court with any opportunity to correct the alleged constitutional errors that she has raised as grounds for relief in the instant petition. First, petitioner never presented the claim alleged in Ground One of the petition to the Ohio courts. Second, to the extent she raised the claims alleged in Grounds Two and Three of the petition in her state post-conviction motion to vacate her post-release control sentence, petitioner committed procedural defaults by (1) failing to file a timely post-conviction petition in accordance with Ohio Rev. Code § 2953.21; and (2) failing to appeal the Ohio Court of Appeals' decision to the Ohio Supreme Court.

With respect to petitioner's procedural default in failing to pursue an appeal to the Ohio Supreme Court in the state post-conviction matter, federal habeas corpus

review may be barred because petitioner did not provide the highest state court in Ohio with an opportunity to correct the alleged constitutional errors. *See Leroy,* 757 F.2d at 97, 99-100.

With respect to petitioner's procedural default in failing to file a timely post-conviction petition, it is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813.

Such a procedural default, however, does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed adequate or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

Here, the Ohio Court of Appeals was the last state court to render a reasoned opinion addressing petitioner's claims of error raised in her *pro se* petition for post-conviction relief. The court "clearly and expressly" relied on an "independent" state procedural ground when it affirmed the trial court's judgment because the post-conviction petition was not timely filed under Ohio Rev. Code § 2953.21(A)(2), and petitioner had not established that she fell within an exception set forth in Ohio Rev.

Code § 2953.23 for excusing § 2953.21's time requirement. (*See* Doc. 6, Ex. I).

The state procedural timeliness ground relied on by the Court of Appeals was also "adequate" because it was firmly established by statutory amendment, which became effective September 21, 1995, and was regularly followed in Ohio long before petitioner was convicted and sentenced in this case. *See, e.g., State ex rel. Reynolds v. Basinger,* 791 N.E.2d 459 (Ohio 2003) (per curiam); *State ex rel. Kimbrough v. Greene,* 781 N.E.2d 155 (Ohio 2002) (per curiam) (same); *State v. Lordi,* 778 N.E.2d 605, 609-11 (Ohio Ct. App. 2002) (affirming dismissal of untimely-filed state post-conviction where the defendant failed to demonstrate he fell within the limited exception set forth in Ohio Rev. Code § 2953.23), *appeal dismissed,* 782 N.E.2d 78 (Ohio 2003); *State v. Walters,* 742 N.E.2d 206 (Ohio Ct. App.) (same), *appeal dismissed,* 738 N.E.2d 1253 (Ohio 2000); *State v. Halliwell,* 732 N.E.2d 405, 407-09 (Ohio Ct. App. 1999) (same); *cf. State v. Tanner,* 713 N.E.2d 480 (Ohio Ct. App. 1998) (allowing a one-year grace period after the effective date of the 180-day time deadline set forth in Ohio Rev. Code § 2953.21(A) for those defendants who were sentenced prior to September 21, 1995).

Accordingly, in sum, the Court concludes that if waiver principles are applicable to the case-at-hand, petitioner's claims for relief are barred from review as a result of petitioner's procedural defaults in the state courts absent a showing of cause and prejudice or that a "fundamental miscarriage of justice" will occur if the claims are not considered herein. *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Engle,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has not established "cause" for her procedural defaults in the state courts. Petitioner has attempted to justify her failure to file an appeal to the Ohio Supreme Court in the state post-conviction proceeding by alleging in Ground One of the petition that the Ohio Court of Appeals' Clerk of Court failed to provide her with a "date-stamped" copy of the appellate court's decision, which was required for her to perfect an appeal to the Ohio Supreme Court under Rule II, § 2(B)(2), of the Rules of Practice of the Supreme Court of Ohio. (Doc. 1, p. 5). The record belies petitioner's assertion that she was only sent a post card advising her of the Court of Appeals' decision. (*See* Doc. 1, Memorandum in Support for Relief, p. 8). The state court's docket records attached as an exhibit to respondent's motion to dismiss reflect that petitioner was sent a notice of the Court of Appeals' judgment entry on November 28, 2005, and that a copy of the decision was sent to petitioner on December 2, 2005. (*See* Doc. 6, Ex. L).

8

In any event, an argument can be made that because petitioner never presented this contention to the Ohio courts for their consideration, she cannot establish "cause" for her procedural default based on such a claim of error on the part of the Ohio Court of Appeals' Clerk of Court. *Cf. Edwards v. Carpenter,* 529 U.S. 446, 452 (2000) (petitioner unable to demonstrate "cause" based on an ineffective assistance of appellate counsel claim, which itself is procedurally defaulted); *see also Richey,* 395 F.3d at 679.

Moreover, even assuming, *arguendo,* that petitioner has demonstrated "cause" for her default in failing to appeal to the Ohio Supreme Court, she has not provided any explanation for her initial procedural default, relied on by the Ohio Court of Appeals in affirming the denial of post-conviction relief, that occurred when she filed a tardy post-conviction petition over two years after she was sentenced. To the extent petitioner contends that she could not have commenced a post-conviction action challenging her post-release control sentence until after *Blakely* was decided on June 24, 2004, this "cause" argument must fail in light of Sixth Circuit precedents holding that *Blakely* and its progeny do not apply retroactively to collateral proceedings after a conviction has become final by the conclusion of direct review or the expiration of time for seeking such review, which in this case occurred two years earlier in June 2002. *See, e.g., Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 126 S.Ct. 199 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *cf. State v. Foster,* 845 N.E.2d 470, 499 (Ohio) (February 27, 2006 decision applying *Blakely* to Ohio's sentencing statute extends retroactively only to cases that were still "pending on direct review"), *cert. denied,* 127 S.Ct. 442 (2006).

Finally, petitioner has not demonstrated a fundamental miscarriage of justice will occur if her claims are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). Although petitioner alleges in Ground Two of the petition that she is "factually innocent" to the extent she fails to satisfy the state statutory criteria for post-release control supervision, Ohio Rev. Code § 2967.28(B)(2) explicitly provides that a three-year period of post-release control is "required" for an offender, such as petitioner, who is sentenced to a prison term "for a felony of the second degree that is not a sex offense." (*See* Doc. 6, Exs. B-C). Contrary to petitioner's contention, and as the trial court concluded in overruling petitioner's post-conviction petition (*see id.,* Ex. F), the applicable statutory provision governing petitioner's post-release control status did not require as an

9

element of such status that petitioner caused or threatened to cause physical harm to a person during the commission of the drug offenses to which she pleaded guilty. Because petitioner was sentenced to a prison term for felonies of the second degree, the period of post-release control was mandated by statute.

Accordingly, in sum, in the absence of a showing of "cause" or that a fundamental miscarriage of justice will occur if petitioner's claims are not considered by this Court, the Court concludes that the petition is subject to dismissal with prejudice on waiver grounds unless a remedy remains available that would not be futile for petitioner to pursue in the state courts.

Because petitioner never pursued a direct appeal in the state courts, an argument can be made that the remedy of a delayed appeal to the Ohio Court of Appeals pursuant to Ohio R. App. P. 5(A) remains available to petitioner to pursue her claims challenging the post-release control portion of her sentence, which are alleged in Grounds Two and Three of the petition. *See* Ohio R. App. P. 5(A); *see also Collins v. Perini,* 448 F. Supp. 1006, 1008-09 (N.D. Ohio 1978) (and cases cited therein), *aff'd,* 594 F.2d 592 (6th Cir. 1979). However, under the circumstances presented here, the Court concludes that the constitutional claims alleged in Grounds Two and Three are clearly lacking in merit, and, therefore, it would be futile to require petitioner to return to the state courts to pursue the arguably available delayed appeal remedy.

First, as discussed above, *see supra* pp. 9-10, petitioner's "factual innocence" claim alleged in Ground Two of the petition is plainly without merit. Contrary to petitioner's contention, the trial court was required under Ohio Rev. Code § 2967.28(B)(2) to sentence petitioner to a three-year period of post-release control upon her conviction for the second-degree felony drug possession and trafficking offenses. (*See* Doc. 6, Exs. B-C).

Second, the claim alleged in Ground Three of the petition challenging the constitutionality of petitioner's placement in post-release control under *Blakely* and *Apprendi* is plainly without merit. As discussed above, *see supra* p. 9, *Blakely* cannot be applied retroactively in this collateral review proceeding to petitioner's 2002 conviction and sentence. *Cf. Browning v. Ohio,* No. 2:06-cv-0005, 2006 WL 2583381, at *6-7 (S.D. Ohio Sept. 7, 2006) (Watson, J.) (adopting Report and Recommendation to dismiss habeas petition containing an unexhausted *Blakely* claim, which was determined to be "plainly without merit" because the petitioner's conviction became final by the expiration of time for filing a timely appeal five days before *Blakely* was

decided). Moreover, as the Hamilton County Common Pleas Court concluded in overruling petitioner's state post-conviction petition (*see* Doc. 6, Ex. F), neither *Blakely* nor *Apprendi* apply to petitioner's post-release control placement under a state statutory provision that did not require the trial court to make any additional factual findings beyond the elements of the underlying offenses to which petitioner pleaded guilty.

In any event, petitioner was expressly informed when she entered her guilty pleas that she could be subjected to a three, and possibly even five, year term of post-release control, and that she could be re-imprisoned if she violated any conditions of her supervisory release. Specifically, the written plea entry executed by petitioner, her counsel, and the assistant prosecuting attorney, contained petitioner's statement that she understood that "[a]fter prison release, I may have (5 years for F-1 or sex offense) or up to 3 years of post-release control," and that "[t]he parole board could return me to prison for up to nine months for each violation of those conditions, for a total of 50% of my state term." (Doc. 6, Ex. B).[4]

Accordingly, the Court concludes that although there is an arguably available remedy of a delayed appeal to the Ohio Court of Appeals that petitioner still could pursue with respect to the unexhausted claims alleged in Grounds Two and Three of the petition, requiring exhaustion in this case would be futile under the circumstances presented here. Therefore, the Court RECOMMENDS that respondent's motion to dismiss the petition on the ground that petitioner has waived her claims for relief (Doc. 6) be GRANTED, and that petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED with prejudice.

---

[4]Because it is thus clear from the record that petitioner was informed of the possibility of her placement in post-release control and the consequences of such placement when she entered her guilty pleas, the Court is not faced with the issue whether a defendant must be advised of mandatory post-release supervision before the court may accept a guilty plea as intelligently and voluntarily made. It is noted, however, that the Seventh Circuit recently affirmed a district court's decision to deny a state prisoner's federal habeas petition, because the petitioner did not have a clearly-established constitutional right, as determined by the United States Supreme Court, to be informed of the three years of mandatory supervised release that would follow his prison sentence at the time he entered his guilty plea. *Lockhart v. Chandler,* 446 F.3d 721, 723-24 (7th Cir. 2006) (citing unpublished district court cases from the Southern and Western Districts of New York), *petition for cert. filed,* 75 U.S.L.W. 3065 (U.S. Aug. 1, 2006) (No. 06-170).

## IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's motion to dismiss (Doc. 6) be GRANTED, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus procedurally barred from review, because "jurists of reason would not find it debatable as to whether this Court is correct  in its procedural rulings" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[5]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: __11/29/2006__          s/Timothy S. Hogan_____

      cbc                         Timothy S. Hogan
                                     United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\06-124mtd-waiver-grant.exh-futile-blakely.wpd

---

[5]Normally, because this Court has found that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of her grounds for relief.  *See Slack*, 529 U.S. at 484.  However, for the reasons given above in rejecting the claims alleged by petitioner in her petition as either insufficient to demonstrate "cause" for her procedural default in the state courts or to justify her return to the state courts to exhaust an arguably available state remedy, *see supra* pp. 8-11, the Court further concludes that petitioner is unable to satisfy the second prong of the *Slack* test because she has not stated a viable constitutional claim in the petition which is "adequate to deserve encouragement to proceed further."  *See id.* at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

Doris J. Ruff,

        Petitioner,

                                      Case No. 1:06cv124

      v.                             (Spiegel, S.J.; Hogan, M.J.)

Tracy Tyson-Parker,

           Respondent.

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:06cv124   Doc.7

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee |
| | B. Received by ( *Printed Name* )       C. Date of Delivery |
| 1. Article Addressed to:<br><br>Doris Ruff<br>1914 West Fork Road<br>Cinti, OH 45223 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number<br>   *(Transfer from service label)*   7002 0860 0006 5230 5332 | |
| PS Form 3811, August 2001        Domestic Return Receipt | 102595-02-M-0835 |